PHILLIPS OIL COMPANY, JOHN A. BALDWIN & COMPANY, AND BIRCHWOOD, INCORPORATED, ALL BODIES CORPORATE, PROSECUTORS, v. MUNICIPAL COUNCIL OF THE CITY OF CLIFTON, AND CITY OF CLIFTON, DEFENDANTS.

Submitted October 5, 1937—Decided March 15, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutors, *Davies & Davies* (*Frank J. Davies,* of counsel).

For the defendants, *John G. Dluhy.*

The opinion of the court was delivered by

HEHER, J.   This *certiorari* has brought up for review the action of the municipal council of the city of Clifton in denying the application of prosecutor, Phillips Oil Company, for a permit to "install three (3) gasoline tanks and pumps for a drive-in (motor vehicle service) station at (the southeast corner of) Market Street and Allwood Road," within the municipal limits.

The premises are within the area zoned for business; and section 2 of the zoning ordinance provides that in such districts "no building or premises shall be used and no building shall be erected which is arranged, intended or designed to be used as a Motor Vehicle Service Station, unless permission is first obtained from" the city council.

The council held a public hearing—five sessions in all—and the action complained of was taken by the unanimous vote of the body, without a specification of reasons.

The sole insistence of prosecutors is that the action so taken was "unreasonable, capricious and arbitrary." We do not think so.

The presumption is that this was a legitimate exercise of municipal power; and the burden of establishing the contrary rests upon prosecutors. *Silvester* v. *Princeton,* 104 *N. J. L.* 18; *Cook* v. *Board of Adjustment of Trenton,* 118 *Id.* 372; *Bashlow* v. *City Council of Clifton,* 118 *Id.* 390.

Section 5 of the statute enacted pursuant to the zoning amendment of the state constitution (*Pamph. L.* 1928, *p.* 696) declares its general purpose thus: "Such regulations shall be made in accordance with a comprehensive plan and designed for one or more of the following purposes: To lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health, morals or the general welfare; to provide adequate light and air; to prevent the overcrowding of land or buildings; to avoid undue concentration of population. Such regulation shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality."

The decisive question therefore is whether this municipal action, appraised in the light of these statutory considerations, represents an arbitrary exercise of power, in that it is not designed to subserve the legislative policy. Does it bear a substantial relation to the attainment of any of the statutory objectives?

The Allwood section of Clifton is a recent development of one-family residences. The premises are located at a five-point intersection that seems to be the business center of the community. Allwood road at this point is a main highway of concrete construction, one hundred feet wide, with a parkway in the center. Market street has a width of eighty feet. Allwood road, when completed, will lead to the new Hudson River tunnel at Weehawken; and its traffic burdens, now considerable, will shortly be immeasureably increased. A public school, located on Market Street, serves the needs of residents north and south of Allwood Road. Three hundred and fifty houses have been built in the last five or six years; and many more are in the course of erection and in prospect for the immediate future. It is undeniably the duty of the governing body to take reasonable preventive measures to safeguard the public against traffic hazards reasonably to be anticipated, particularly with relation to the large number of school chil-

dren who daily use the highways of the locality; and we are not persuaded by the proofs that the governing body, in the action taken, was not moved by due considerations of public safety. There was no abuse of the essentially discretionary authority residing in the council. See *Bashlow* v. *City Council of Clifton, supra.* It was also proper for the council to consider the general neighborhood scheme, if it sustains a substantial relation to the common weal. *Cook* v. *Board of Adjustment of Trenton, supra.* And there are unquestionably adequate facilities in the locality. There was no need for an additional service station.

That being so, the writ will be dismissed, but without costs.