179 DUNCAN AVENUE CORPORATION, PROSECUTOR, v. BOARD OF ADJUSTMENT OF JERSEY CITY ET AL., DEFENDANTS.

Argued March 13, 1939—Decided March 29, 1939.

For the prosecutor, *Gross & Gross.*

For the defendants, *James A. Hamill* and *Charles A. Rooney.*

BROGAN, CHIEF JUSTICE. The writ challenges the legality of an order or resolution of the Board of Adjustment of Jersey City, revoking a permit issued to the prosecutor by the superintendent of buildings to make certain alterations in a business property. The underlying question is whether the premises of the prosecutor, known as 177-179 Duncan avenue, which have been for many years devoted to commercial uses, shall be continued as such. The property previously had been used as a motion picture theatre, then as a tavern and, lastly, as a storage and repair shop.

The superintendent of buildings of the municipality, on regular application, issued a permit to install new plumbing and to change the store front. Contracts were let to accomplish these changes and the work begun. Subsequently, upon the protests of neighboring business people, a hearing was had

before the Board of Adjustment, as a result of which the board voided the permit issued to the prosecutor.

A reading of the minutes of the hearing before the Board of Adjustment, which is made part of the return to the writ, compels a conclusion that the objection to the alterations undertaken was grounded on the fact that the prosecutor intends to rent the premises to the King Cole Market. This is characterized in the minutes as a super market where meats, groceries and other necessary commodities will be sold at low prices at various stands in the premises.

Objections, the basis of which is that competition will result from the opening of a new market in the neighborhood, are without legal validity. That this is the basis of the protests is obvious. There is no power in the municipality to limit or regulate the use to which property may be put unless that limitation be within the provision of the statute (*Cf.* chapter 274, *Pamph. L.* 1928; *R. S.* 40:55-30 to 50) and the regulation imposed is "designed to promote public health, safety and general welfare." The objections here urged are not grounded on interests of public health, safety or the general welfare. This legal principle is supported by a line of cases of which *Gabrielson* v. *Glen Ridge,* 13 *N. J. Mis. R.* 142, is typical. See, also, *State* v. *Nutley,* 99 *N. J. L.* 389; *Durkin Lumber Co.* v. *Fitzsimmons,* 106 *Id.* 183. It follows therefore that the action of the Board of Adjustment, in revoking the permit issued by the building inspector, was without legal justification and is therefore void. The order or resolution of the Board of Adjustment is accordingly vacated.

Judgment may be entered in favor of the prosecutor, with costs.