SPUR DISTRIBUTING CO., INC., RELATOR, v. THE CITY COUNCIL OF THE CITY OF BRIDGETON ET AL., RESPONDENTS.

Argued May 2, 1939—Decided May 12, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the relator, *Douglas C. Aitken.*

For the respondents, *Samuel Iredell* and *David L. Horuvitz.*

PER CURIAM.

Relator applied for a permit to erect a gasoline service station on South Pearl street, in the city of Bridgeton. On May 3d, 1938, a hearing was held by the city council and the approval of the permit was denied. This was the third such application, all of which were denied.

On application, this alternative writ of *mandamus* was allowed.

There is no zoning ordinance. The pertinent provision of the city ordinance provides: "The granting of the application for permit will not be approved by the City Council wherever it appears that the granting of the same is or may be detrimental to public health or safety or detrimental to the welfare, growth or the constructive development of the City of Bridgeton."

It is well established that there is no power in a municipality to limit or regulate the use to which property may be put unless that limitation be designed to promote public health, safety and general welfare. *State* v. *Nutley*, 99 *N. J. L.* 389; *Durkin Lumber Co.* v. *Fitzsimmons*, 106 *Id.* 183; *Gabrielson* v. *Glen Ridge*, 13 *N. J. Mis. R.* 142; *179 Duncan Avenue Corp.* v. *Jersey City*, 122 *N. J. L.* 292.

A careful review of the testimony in this case persuades us that the proposed use of the premises by relator will not endanger public health, safety or the general welfare, or development of the municipality. It is proposed to erect a drive-in station in a railroad yard. There is no sidewalk on that side of the street. Within a short distance on the opposite side of the street are two gasoline service stations. Nothing appears to justify a finding that any of the conditions assigned by the city council will result from the building of the proposed structure.

The relator is lessee of the Pennsylvania-Reading Seashore Lines. It is argued by respondent that there does not appear from the lease in evidence such interest in the lands as will warrant *mandamus*. We are of opinion that the relator has such an interest as entitles it to have its rights enforced by *mandamus*.

A peremptory writ of *mandamus* will be allowed.