BROOKDALE HOMES, INC., PROSECUTOR, v. J. CORY JOHNSON, TOWN CLERK OF THE TOWN OF BLOOMFIELD, AND THE TOWN OF BLOOMFIELD, RESPONDENTS.

Submitted October 3, 1939—Decided January 13, 1940.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *William Huck, Jr.*

For the respondents, *Edward C. Pettit.*

The opinion of the court was delivered by

PERSKIE, J.  This is a zoning case.  The question to be decided is whether an ordinance adopted by the town of Bloomfield on October 7th, 1935, is valid.  This ordinance amends the original zoning ordinance of the town which was adopted on November 17th, 1930, and provides, so far as is pertinent to the instant case, for a "Small Volume Residential Zone A" wherein, "(b) Heights.  No building shall be erected to a height in excess of thirty-five feet and no building shall be erected with its roof ridge less than twenty-six feet above the building foundation.  A false front, cupola, tower or similar part of a building shall not be considered in computing the minimum height of a building."  The ordinance was subsequently amended on July 6th, 1936, but the amendment is not involved in this proceeding.

The parties stipulated a greater portion of the facts and the stipulation was, by order of this court, made part of the record.  From the return to the writ, the stipulation, and the depositions we learn that prosecutor is a corporation organized under the laws of this state and is engaged in the business of developing land and buildings.  It owns several

tracts of land in "Small Volume Residential Zone A" in Bloomfield including premises known as No. 104 Renner avenue. On July 17th, 1939, the prosecutor made application to the inspector of buildings of Bloomfield for a permit to erect a one-family dwelling house on premises 104 Renner avenue and filed plans and specifications for that building. Those plans and specifications disclosed that the proposed building was to be only twenty-one feet high from its foundation to its roof ridge. The building inspector accordingly refused to issue the permit upon the ground that the ordinance hereinbefore mentioned prohibited the erection of any building in the zone in question less than twenty-six feet above the building foundation. Thereupon, we are told, that prosecutor made application on notice to the Chief Justice for a writ of *certiorari* to review the ordinances under date of November 17th, 1930, October 7th, 1935, and July 6th, 1936. The Chief Justice allowed the writ.

The parties have stipulated that all three ordinances were duly enacted, and prosecutor's contention is based solely on the claim that the ordinance under date of October 17th, 1935, is repugnant to the State and Federal Constitutions so far as it fixes a minimum height for buildings. We think the claim, under the circumstances exhibited, is meritorious.

It is settled that an ordinance under the Zoning act must bear a reasonable relation to the powers conferred by that act. *Phillips* v. *Township Council, &c., Teaneck,* 120 *N. J. L.* 45, 48; 198 *Atl. Rep.* 368; *affirmed,* 122 *N. J. L.* 485; 5 *Atl. Rep.* (*2d*) 698. Restrictions imposed pursuant to the Zoning act must tend at least in some degree to promote the public good; they must bear a "substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense." *Nectow* v. *Cambridge,* 277 *U. S.* 183; 72 *L. Ed.* 842; *Gabrielson* v. *Glen Ridge,* 13 *N. J. Mis. R.* 142; 176 *Atl. Rep.* 676; *Phillips* v. *Township Council, &c., Teaneck, supra; Phillips Oil Co.* v. *Municipal Council, &c., Clifton,* 120 *N. J. L.* 13; 197 *Atl. Rep.* 730; *179 Duncan Avenue Corp.* v. *Jersey City,* 122 *N. J. L.* 292; 5 *Atl. Rep.* (*2d*) 68; *Spur Distributing Co., Inc.,* v. *Bridgeton,* 122 *N. J. L.* 460; 6 *Atl. Rep.* (*2d*) 192. (*Cf. Resciniti*

v. *Board of Commissioners, Belleville,* 117 *N. J. L.* 1; 186 *Atl. Rep.* 439; *Watchung Lake, Inc.,* v. *Mobus,* 119 *N. J. L.* 272; 196 *Atl. Rep.* 223.)

Thus while our legislature has unquestionably given municipalities the right to pass ordinances "to regulate and restrict the height, number of stories, and sizes of buildings," such ordinances to be valid must be designed to promote public health, safety, and general welfare. *R. S.* 40:55-30. The mere power to enact an ordinance such as the one here involved does not carry with it the right arbitrarily or capriciously to deprive a person of the legitimate use of his property.

We fail to see, in the case before us, how the ordinance in question promotes public health, safety and the general welfare. *Cf. Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183; 147 *Atl. Rep.* 555. The town's fire chief, chief of police, health officer and building inspector all testified that a house built twenty-six feet above the foundation did not promote public health, safety or general welfare more than a house built only twenty-one feet above the foundation.

Respondents contend that the ordinance is justified by reason of the fact that the presence of a building less than twenty-six feet in height causes a depreciation in the value of surrounding property, when that surrounding property is at least twenty-six feet in height. They urge that the ordinance in question is therefore a valid exercise of police power under *R. S.* 40:55-32, which provides, *inter alia,* "* * * Such [zoning] regulations shall be made * * * with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality." It is insisted that the presence of buildings less than twenty-six feet in height does not tend to conserve the value of property, but rather tends to reduce ratables and thus increase the general tax burden. The testimony of the single witness to that effect lacks persuasion. Particularly so when, as here, two of the eight houses presently built on Renner avenue in Bloomfield are less than twenty-six feet in height. But be that as it may, there is persuasive proof that there is a substantial demand for one-story houses in the neighborhood and that the

cost of construction of such houses may often be equal to, if not greater than, the costs of the construction of two or two and one-half story houses. And, as pointed out for prosecutor, if respondents' theory be sound, a municipality under the cloak of its zoning power, might provide that no house costing less than a certain sum should be erected in a specified area. This it cannot legally do. For obviously such a provision or regulation could not properly be said to be made "with a view of conserving the value of property and encouraging the most appropriate use of the land throughout such municipality." *R. S.* 40:55-32. No person under the zoning power can legally be deprived of his right to build a house on his land merely because the cost of that house is less than the cost of his neighbor's house.

Under the proofs submitted, the challenged provisions of the ordinance bears no substantial relation to statutory inhibitions. The ordinance is therefore set aside, with costs. Prosecutor is entitled to its permit.