ARTHUR BENTLEY, FREDERICK A. BENTLEY AND ANNIE BENTLEY, PROSECUTORS, v. THE BOARD OF ADJUSTMENT OF THE TOWNSHIP OF LAWRENCE, MERCER COUNTY, NEW JERSEY, RESPONDENT, AND THE LAWRENCEVILLE SCHOOL, A CORPORATION, INTERVENING RESPONDENT.

Submitted October 3, 1939—Decided January 13, 1940.

Before Justice PARKER and PERSKIE.

For the prosecutors, *Kenneth J. Dawes* (*Henry M. Hartmann,* of counsel).

For the respondents, *Minton & Rogers* (*H. Collin Minton, Jr.,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.  The writ in this case requires that we decide whether prosecutors were legally prevented from erecting a gasoline service station upon their property located at Garden avenue and Main street, in Lawrenceville, New Jersey.

In April, 1939, prosecutors, one of whom has since died, made application to the Township Committee of Lawrence township for a permit to maintain a gasoline station on their property.  That permit was granted on April 27th, 1939, and prosecutors commenced to clear the ground preparatory to erecting the station.  On May 13th, 1939, apparently after negotiations, prosecutors entered into a lease with the Texas Company under the terms of which the property was rented to that company for a term of ten years, at a rental on a sliding scale, not to exceed $2,700 per annum and not to be less than $175 a month.  Subsequent to the commencement of negotiations with the Texas Company, prosecutors made application to the building inspector of Lawrence township for a permit to erect a brick and concrete service station upon the premises, which are concededly within the business zone as designated by the zoning map of Lawrence township.  On May 1st, 1939, the building inspector granted the permit to erect the service station.  Thereupon respondents (the Lawrenceville School was subsequently permitted to intervene) applied to the Board of Adjustment of the township of Lawrence and that body by a three to two decision, rendered June 1st, 1939, revoked the issuance by the building inspector of the permit to erect a gasoline station.  Apparently nothing

was done concerning the original permit obtained by prosecutors from the township committee authorizing them to maintain a gasoline station upon their property. Prosecutors then sought and obtained a writ of *certiorari* to review the action of the Board of Adjustment.

We are of the opinion that the action of the Board should be set aside.

While the zoning ordinance in question clearly permits a gasoline station to be erected in the business zone, it also provides that no such station "shall have entrance on the same street closer than two hundred (200) feet to a public school, public library, church, theatre, *or other public gathering place* \* \* \*." (Italics supplied.) The crux of the dispute in this case centers about the fact that the proposed gasoline station is wholly within two hundred feet of a confectionery store known as the "Lawrenceville Shop," and partly within two hundred feet of another such shop known as the "Jigger Shop." Respondents urge that both of these shops are public gathering places within the meaning of the township zoning ordinances since students from Lawrenceville School habitually congregate there.

The shops, apart from their physical size, are quite similar. Both shops have been in existence near the Lawrenceville campus for many years. Both are now and apparently always have been privately owned. Both derive a goodly share of their business from the students at the Lawrenceville School. Both are traditional meeting places for these students. Both, however, cater to the general populace and are open for business the year around even during periods when the school is not in session. The management of neither shop is controlled by the school, and no official activities of the school are carried on in either place.

The record indubitably discloses that the shops are somewhat of a social centre, indeed a part of the school tradition. And while it is entirely understandable that students enjoy their respites in these shops, and alumni cherish the memory of many pleasant hours spent therein, nonetheless, these stores remain privately owned and privately operated, open to the public at large, and dependent for their existence on pur-

chases made and not mere gatherings held. The stores are clearly not public gathering places within the intendment of the ordinance in question which encompasses such institutions as schools, libraries, churches, theatres and the like.

There is no power in the municipality to limit or regulate the proper and legal use to which prosecutors desire their property be put. The use does not trench upon the statutory provisions (*R. S.* 40:55-30, *et seq.*) "designed to promote public health, safety and general welfare." *Cf. 179 Duncan Avenue Corp.* v. *Jersey City,* 122 *N. J. L.* 292; 5 *Atl. Rep.* (*2d*) 68; *Spur Distributing Co., Inc.,* v. *Bridgeton,* 122 *N. J. L.* 460; 6 *Atl. Rep.* (*2d*) 192.

Under the ordinance and proofs submitted, prosecutors are clearly entitled to their permit.

The order of the Board of Adjustment revoking the permit is, therefore, set aside, with costs.