## HENRY JAMES BENSON'S APPEAL FROM ZONING BOARD OF APPEALS

Superior Court        Hartford County        File No. 65805

MEMORANDUM FILED NOVEMBER 25, 1941.

*Joseph P. Cooney,* of Hartford, for the Appellant.

*Vincent W. Dennis,* Corporation Counsel, and *Harold Borden,* Assistant Corporation Counsel, of Hartford, for the Appellee.

BALDWIN, J. The plaintiff operates a tavern at No. 365 Asylum Street in Hartford under a permit under which he supplies food and beer to his patrons. He has applied to the Zoning Board of Appeals for a change in his permit so that he may conduct a restaurant with a liquor permit. A hearing by the board was held upon the application on April 29, 1941, upon conclusion of which the application was "tabled" by the board. On June 10, 1941, the application was denied by a majority vote. A certified copy of the records of these meetings in relation to the application is in evidence and the parties have stipulated that the court should "view the neighborhood and the premises involved in this appeal."

The premises are located on the southerly side of Asylum Street, which is a street heavily traveled by both pedestrians and vehicles, the vehicles traveling in this section of the street one way only. There is no restaurant having a liquor permit on the same side of the street within a very considerable distance, if any at all on that same side of the street. A tavern is located on the same side of the street at No. 283-291, which is a considerable distance from the applicant's place of business.

From the record of the hearings it appears that on April 29, 1941, objection to the granting of the application was heard and on June 10, 1941, the application was denied, no evidence or objection being offered at that hearing. At the hearing on April 29th, it appeared that the applicant owns the building in which his business is conducted and that he has conducted the business for a period of eight years, that his reputation and that of his place and business is excellent and that his patrons desire that he be given a full restaurant liquor permit. The record further discloses that the objection was made by attorneys appearing for others holding liquor permits and located in the vicinity upon the opposite side of the street, the objections being upon the grounds of competition only.

In a memorandum of decision in case No. 56417, *Blum vs. Zoning Board of Appeals of Hartford,* Cornell, J., said: "There is, indeed, some intimation that the plaintiff conceives his hurt to lie in an increase of establishments selling beer in

an area where his own place of business is—that is as resulting in an increase of competition.

"The Zoning Act, and, of course, any regulations or ordinances adopted under its authority, can have no concern with the regulation of business from a competitive standpoint. Its declared designs cannot be converted into an instrumentality for the attainment of such an objective."

In 179 *Duncan Ave. Corp. vs. Board of Adjustment, Jersey City*, 122 N.J.L. 292, 293, 5 Atl. (2d) 68, the court said: "Objections, the basis of which is that competition will result from the opening of a new market in the neighborhood, are without legal validity. That this is the basis of the protests is obvious. There is no power in the municipality to limit or regulate the use to which property may be put unless that limitation be within the provision of the statute. . . . and the regulation imposed is 'designed to promote public health, safety and general welfare.' The objections here urged are not grounded on interests of public health, safety or the general welfare. This legal principle is supported by a line of cases of which *Gabrielson vs. Glen Ridge*, 13 N.J. Mis. R. 142, is typical. *See, also, State vs. Nutley*, 99 N.J.L. 389; *Durkin Lumber Co. vs. Fitzsimmons*, 106 id. 183. It follows therefore that the action of the Board of Adjustment, in revoking the permit issued by the building inspector, was without legal justification and is therefore void." This case was cited with approval and a similar result was reached in *Spur Distributing Co., Inc. vs. City Council, Bridgeton*, 122 N.J.L. 460, 6 Atl. (2d) 192; *Bentley vs. Board of Adjustment, Lawrence Township*, 123 N.J.L. 556; 10 Atl. (2d) 459; and *Brookdale Homes, Inc. vs. Johnson*, 123 N.J.L. 602, 10 Atl. (2d) 477.

Mere opposition in itself is immaterial unless grounded on facts properly to be considered. "Public notice of the hearing of an application for exception to the provisions of the zoning ordinance is not given for the purpose of polling the neighborhood on the question involved but to give interested persons an opportunity to present facts from which the board may determine whether the particular provision of the ordinance, as applied to the applicant's property, is reasonably necessary for the protection of public safety, public health, public morals or the general welfare in the proper sense. The

Board should base their determination upon facts which they find to have been established instead of upon the wishes of persons who appear for or against the granting of the application." *Sundlun vs. Zoning Board of Review, Pawtucket,* 50 R.I. 108, 117, 145 Atl. 451, 455. *See also, Robinson vs. Town Council, Narragansett,* 60 R.I. 422, 199 Atl. 308; *State ex rel. Bilt-Wel Co. vs. Dowling,* 5 N.J. Misc. 180, 135 Atl. 798.

The record should include facts which warrant the denial by the board of the application. In *Robinson vs. Town Council, Narragansett, supra,* the court said (p. 437 of 60 R.I.): "We find nothing in the record before us that warrants a denial of the petitioners' request to use Parcels No. 1 and 2 for 'a commercial bathing beach and commercial bath or boat houses or stores for retail trade or commercial recreation uses.' The evidence indicates that the granting of the petitioners' request would be objectionable to a few property owners in that general neighborhood, at least two of whom are themselves engaged in business in that locality. But this is quite immaterial, when we consider the real purpose and intent of zoning laws. Such laws are not designed to protect some individuals to the detriment and hardship of others. The regulatory restrictions which a zoning law may properly enforce on the use of land by its owner must, in some substantial manner, tend to promote the common good of all the people in the community rather than to further the desires of a particular class, group or individual in that community."

In the instant case there was no evidence whatever upon which the board could refuse the application upon the ground that such refusal would tend to promote the common good of all, or any of the people in the community. Upon the contrary, we have the application of one who owns his property, who has conducted a tavern therein for eight years, against whom or his place of business no complaint of any character has ever been made, who bears an excellent reputation and whose place is located in a busy section upon one of the busiest of the streets in the city and whose patrons desire for their accommodation that he be given the permit applied for and his application is met only with the objections of a group engaged in the same business in the same vicinity whose ground of objection is only from the selfish interest of competition. This is no valid ground of objection with which officials

should concern themselves and when they so concern themselves and base their action upon such grounds, their action becomes arbitrary and void.

The applicant is a suitable person and the place a suitable place and the application should be granted.

Judgment may enter accordingly.