R. WESLEY GRANT, PETITIONER, v. BOARD OF ADJUSTMENT OF THE BOROUGH OF HADDON HEIGHTS AND BOROUGH OF HADDON HEIGHTS, RESPONDENTS.

Submitted October 2, 1945—Decided January 7, 1946.

Before Justices CASE, BODINE and PERSKIE.

For the petitioner, *Meyer L. Sakin.*

For the respondents, *Edward I. Berry.*

The opinion of the court was delivered by

PERSKIE, J.  This is a zoning case.  The question for decision is whether a writ of *certiorari* should issue to review the action of the Board of Adjustment of the Borough of Haddon Heights in refusing to grant petitioner a permit to erect a gasoline station on property leased by him and located in a residential zone where, under the borough zoning ordinance, "filling stations" and "public garages" are prohibited.

Petitioner (erroneously styled "prosecutor".) is the lessee of the property in question which is a vacant lot located at the southeast corner of the White Horse Pike and Station Avenue, in the Borough of Haddon Heights, Camden County. The land has a 100 foot frontage on the White Horse Pike, a very heavily trafficked state highway, and a 200 foot frontage on Station Avenue, a main artery in the Borough of Haddon Heights.  Petitioner made application to the building inspector for a permit to construct and erect "a gasoline service

station to be used as such" on the premises. The lease for the premises provides that the rent due thereunder should abate until the permit was obtained. Plans and specifications were filed with the building inspector who ultimately denied the application for a permit on the ground that the proposed use was not in conformity with the zoning regulations of the borough which contained in section 6 the following mandate:

"Filling Stations and all public garages shall be prohibited in all Business and Residential Districts."

The premises in question are in an area zoned for residential purposes.

Shortly after the denial of the permit by the building inspector, petitioner filed an "appeal" with the Board of Adjustment, which, after a hearing held on notice to the surrounding property owners, likewise refused to grant the permit. Thereafter petitioner sought and obtained a rule to show cause why a writ of *certiorari* should not issue to review the action of the Board of Adjustment. Hence the question first stated as requiring decision is before the court on the return of the rule to show cause.

We think that the rule should be dismissed. The power of a municipality to zone is based on the police power of the state. *R. S.* 40:55–30. While that power is not unlimited, and while restrictions imposed must bear a substantial relation to the promotion of public health, safety, morals or the general welfare (*R. S.* 40:55–32), the burden of showing the unreasonableness of the restrictions is upon the one seeking to make use of his property in a manner forbidden by the Zoning ordinance. *Eastern Boulevard Corp.* v. *Willaredt,* 125 *N. J. L.* 173; 14 *Atl. Rep.* (*2d*) 537; *affirmed,* 125 *N. J. L.* 511; 17 *Atl. Rep.* (*2d*) 173. *Cf. Potts* v. *Board of Adjustment of Princeton,* 133 *N. J. L.* 230, 236; 43 *Atl. Rep.* (*2d*) 850. We find as a matter of fact that petitioner here has not carried that burden. On the contrary, the proofs before us justify the action of the Board of Adjustment. The depositions and stipulation disclose that there is heavy vehicular and pedestrian traffic in the vicinity, and that school children in relatively large numbers are wont to travel in the immediate neighborhood. Furthermore, the land

in question is in a residential zone where much of the property is subject to restrictions contained in the grants thereof. The hardship, if any, resulting to the petitioner is not, in the circumstances, a sufficient reason *per se* for granting a variance. *Brandon* v. *Montclair,* 124 *N. J. L.* 135; 11 *Atl. Rep.* (*2d*) 304; *affirmed,* 125 *N. J. L.* 367;. 15 *Atl. Rep.* (*2d*) 598. The proofs completely negate the contention that the action of the Board of Adjustment was arbitrary or capricious. These facts coupled with the presumption in favor of the board's action (*National Lumber Products Co.* v. *Ponzio,* 133 *N. J. L.* 95; 42 *Atl. Rep.* (*2d*) 753) leave us free of any reasonable debatable question of law or fact. *Cf. Citizens National Bank, &c., Co.* v. *Englewood,* 128 *N. J. L.* 147; 24 *Atl. Rep.* (*2d*) 819; *Dannenbaum* v. *Board of Adjustment of Atlantic City,* 123 *N. J. L.* 439; 9 *Atl. Rep.* (*2d*) 670; *Phillips Oil Co.* v. *Clifton,* 120 *N. J. L.* 13; 197 *Atl. Rep.* 730, and *Dickinson* v. *Plainfield,* 122 *N. J. L.* 63; 4 *Atl. Rep.* (*2d*) 91.

Accordingly, the rule to show cause is dismissed, with costs.