8 N.J. Super. 468 (1950)
73 A.2d 287
LIONSHEAD LAKE, INCORPORATED, A NEW JERSEY CORPORATION, PLAINTIFF,
v.
TOWNSHIP OF WAYNE, A MUNICIPAL CORPORATION OF THE COUNTY OF PASSAIC AND STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 12, 1950.
*470 Mr. Reuben P. Goldstein, attorney for plaintiff.
Messrs. Markley & Broadhurst, attorneys for defendant.
DAVIDSON, A.J.S.C.
This is plaintiff's motion for summary judgment on the first count of its complaint and, briefly, seeks to vacate and set aside so much of the zoning ordinance of defendant municipality as fixes the minimum size of dwellings, charging that such provision is unreasonable and arbitrary and was adopted without consideration of the character of the districts and the suitability of the particular properties; is an unreasonable exercise of the powers given to the defendant by the Constitution and laws of the State of New Jersey; is an unreasonable burden on the use of private property and confiscatory, and constitutes a taking of private property without due process of law.
There is no genuine issue of fact. On July 12, 1949, defendant adopted a revised zoning ordinance covering the entire township, which was to be divided into four districts, namely, Residence District "A," Residence District "B," Business District and Industrial District. The ordinance, under Section 3, subdivision (d), "Minimum Size of Dwellings," provided that:
"Every dwelling hereafter erected or placed in a Residence `A' District shall have a living-floor space, as herein defined, of not less than 768 square feet for a one story dwelling; of not less than 1000 square feet for a two story dwelling having an attached garage; of not less than 1200 square feet for a two story dwelling not having an attached garage. For the purpose of this section the second floor shall have a ceiling height of not less than 7 feet, measured at the eaves from the floor to the underside of the rafters."
As the same requirement for minimum size of dwellings is set forth for Residence "B" Districts under Section 4, paragraph (d), and by specific reference is incorporated in Business *471 Districts under Section 5, paragraph (e), and Industrial Districts under Section c, paragraph (b)-1, the result is that a uniform minimum size of dwellings, in accordance with the standards particularly described for Residence "A" Districts, as above set forth, prevails throughout the entire municipality.
N.J.S.A. 40:55-30 provides that:
"Any municipality may by ordinance, limit and restrict to specified districts and may regulate therein, buildings and structures according to their construction, and the nature and extent of their use, and the nature and extent of the uses of land, and the exercise of such authority, subject to the provisions of this article, shall be deemed to be within the police power of the state. * * *
"The authority conferred by this article shall include the right to regulate and restrict the height, number of stories, and sizes of buildings, and other structures, the percentage of lot that may be occupied, the sizes of yards, courts, and other open spaces, the density of population, and the location and use and extent of use of buildings and structures and land for trade, industry, residence, or other purposes."
N.J.S.A. 40:55-32 clearly provides the basis for a proper determination of the present controversy, and it reads as follows:
"Such regulations shall be in accordance with a comprehensive plan and designed for one or more of the following purposes: to lessen congestion in the streets; secure safety from fire, panic and other dangers; promote health, morals or the general welfare; provide adequate light and air; prevent the overcrowding of land or buildings; avoid undue concentration of population. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality."
Through the years there has been a gradual broadening in the legal concept of valid zoning restrictions, and, as was held in Duffcon Concrete Products v. Borough of Cresskill, 1 N.J. 509, at page 513:
"What may be the most appropriate use of any particular property depends not only on all the conditions, physical, economic and social, prevailing within the municipality and its needs, present and reasonably prospective, but also on the nature of the entire region in which *472 the municipality is located and the use to which the land in that region has been or may be put most advantageously."
This goes beyond a finding based strictly on the police power, other than general welfare, and establishes a test grounded in the community use of the land in the municipality, with due consideration to all general conditions and needs, present and reasonably to be anticipated in the region. It is, accordingly, necessary to obtain a broad perspective of the municipality and the region in which it is located.
The Township of Wayne is in the County of Passaic, lies generally about three miles northwest of the City of Paterson, and embraces an area of 25.34 square miles, with a 1940 official census population of 6,868, which has since increased to an estimated population of some 9,000 permanent residents. The municipality includes several sizeable lakes within its borders and there are a large number of summer or vacation homes and a considerable number of dwellings occupied only during the summer months. Originally a farming section, there are now real estate developments and subdivisions, some business and light industry, little heavy industry, and generally it may be considered a rather widely scattered and sparsely settled residential community.
The minimum size requirement for a one-story dwelling under the ordinance now questioned is 768 square feet, indicating a normal 24-foot by 32-foot building, and the cost of erection would be not less than $8,500 for a summer residence and in excess of $11,000 for a year-round house with necessary heating plant. Forty per cent of the dwellings erected in plaintiff's development have a square footage in excess of the specified minimum; in other sections the dwellings which meet or exceed the minimum range from 25% to 65%; and the Building Inspector of defendant municipality testified that over 50% of all building permits issued prior to the adoption of the new ordinance were for buildings which conform to the present requirements.
With the recreational facilities afforded by the lakes, and the consequent large number of summer residents, the minimum *473 size requirement, considering the welfare of the community as an entity, seems arbitrary and unreasonable, particularly in a municipality having an area in excess of 25 square miles, for the monetary cost of compliance would be generally prohibitive. While one or two highly restricted developments do exist, there can be no serious contention that the lands embraced in the entire municipality are most appropriately suited, in the general interest of the community, for so-called exclusive dwellings.
The provisions of the present ordinance virtually exclude from the municipality every individual who desires the privacy and other advantages of his own little home, not to mention both young and old couples, who, by reason of health or economic status, prefer a small servantless dwelling. In view of the fact that low-cost housing is a burning issue of the day and the dwellings erected and approved by the governmental housing agencies are themselves below the minimum size requirement of the ordinance, the specification appears indefensible. Incidentally, the size requirement of dwellings remains constant throughout the entire municipality, whereas the square foot frontage requirement varies in the several districts.
The ordinance, in its present form, practically provides that no house costing less than a certain sum may be erected in the entire community, let alone a specified area, and this it cannot legally do. Brookdale Homes, Inc., v. Johnson, 123 N.J.L. 602; affirmed, 126 N.J.L. 516. No person under the zoning power can legally be deprived of his right to build a house on his land merely because the cost of that house is less than the cost of his neighbor's house. Ibid.
The conclusion is inescapable that the defendant municipality has a fundamental fear of small housing by reason of the fact that the taxes imposed thereon are insufficient to cover the actual pro-rated cost of necessary municipal services and essential facilities, such as police and fire protection and schooling. Undeniably, this poses a serious financial problem, which is shared by many municipalities, but the courts have *474 already held it to be specious reasoning. What are families of ordinary means to do and where are they to go  we certainly can have no D.P.'s in New Jersey.
It is settled that an ordinance under the Zoning Act must bear a reasonable relation to the powers conferred by that act. Phillips v. Township Council, &c., Teaneck, 120 N.J.L. 45, 48, 198 A. 368; affirmed, 122 N.J.L. 485, 5 A.2d 698. Restrictions imposed pursuant to the Zoning Act must tend at least in some degree to promote the public good; they must bear a "substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense." Nectow v. Cambridge, 277 U.S. 183, 72 L.Ed. 842; Gabrielson v. Glen Ridge, 13 N.J. Misc. 142, 176 A. 676; Phillips v. Township Council, &c., Teaneck, supra; Phillips Oil Co. v. Municipal Council, &c., Clifton, 120 N.J.L. 13, 197 A. 730; 179 Duncan Avenue Corp. v. Jersey City, 122 N.J.L. 292, 5 A.2d 68; Spur Distributing Co., Inc. v. Bridgeton, 122 N.J.L. 460, 6 A.2d 192. Cf. Resciniti v. Board of Commissioners, Belleville, 117 N.J.L. 1, 186 A. 439; Watchung Lake, Inc. v. Mobus, 119 N.J.L. 272, 196 A. 223.
Thus while our Legislature has unquestionably given municipalities the right to pass ordinances "to regulate and restrict the height, number of stories, and sizes of building," such ordinances to be valid must be designed to promote public health, safety, and general welfare. R.S. 40:55-30. The mere power to enact an ordinance such as the one here involved does not carry with it the right arbitrarily or capriciously to deprive a person of the legitimate use of his property. Brookdale Homes, Inc., v. Johnson, supra.
While the court is loath to interfere in the internal affairs of any municipality and cannot, of course, properly substitute its judgment for that of duly elected and authorized representatives, I am forced to the conclusion that the provisions in the zoning ordinance respecting "Minimum Size of Dwellings" are wholly invalid and must be set aside.