20 N.J. Super. 586 (1952)
90 A.2d 130
BARIS LUMBER CO., INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
TOWN OF SECAUCUS IN THE COUNTY OF HUDSON AND JOHN SCHOELLER, BUILDING INSPECTOR, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Argued June 23, 1952.
Decided June 23, 1952.
*587 Mr. Nicholas S. Schloeder, attorney of plaintiff.
Mr. Edward A. Smarak, attorney for defendants.
JOSEPH L. SMITH, J.S.C.
This matter is before the court by way of complaint in lieu of prerogative writ to set *588 aside ordinances amending the May 11, 1948 zoning ordinance of the Town of Secaucus, Hudson County, New Jersey, insofar as they affect the plaintiff's property.
The plaintiff purchased the premises which are the lands affected by the zoning ordinance and its various amendments, on October 11, 1951. The land is 13 1/2 acres and is approximately 1,700 by 300 feet.
The easterly 750 feet is in the "D" Light Industrial Zone. At the time the plaintiff purchased this property, the existing zoning ordinance covering the "D" Light Industrial Zone prohibited therein the sale of used lumber, used plumbing and heating pipes and fixtures, used mason materials or used building materials. (Section 9, paragraph 37, zoning ordinance of 1948).
The plaintiff originally conceded and abandoned any claim or right to operate such a business (sale of used building materials, etc.) in the most easterly 500 feet of the property in question. However, it has now withdrawn this concession.
On November 16, 1951, by Amendment No. 6 to the zoning ordinance, the uses in the respective zones were changed. By this amendment, paragraph 37 of section 9 of said ordinance controlling the "D" Light Industrial Zone was so amended that the storage, as well as the previous restriction as to the sale of used building materials, was prohibited therein.
Section 9, paragraph 37. "The storage and sale of used lumber or used plumbing and heating pipes and fixtures or used mason materials or used building materials."
Furthermore, section 10 of the said zoning ordinance of May 11, 1948, covering use restriction in the "E" Heavy Industrial Zone now, by said amendment of November 16, 1951, for the first time prohibited the storage and sale of used building materials.
Section 10, paragraph 41. "The storage and sale of used lumber or used plumbing and heating pipes and fixtures or used mason materials or used building materials."
*589 The effect of this municipal legislation was to exclude entirely from the Town of Secaucus the business of the storage and sale of used building materials, used lumber, used mason materials and used plumbing and heating materials. The said exclusion affects not only the plaintiff's property but all property within the territorial confines of the town.
The plaintiff seeks and contends that these various amendments should be set aside as an unauthorized interference and restriction of the plaintiff's right of use of its property in question.
On May 27, 1952, after the present proceeding had progressed beyond the pretrial stage, the defendant introduced still another amendment. This amendatory legislation affected the existing zoning ordinance. The effect of this new amendment, in substance, is to exclude from "D" Light Industrial Zones and from the "E" Heavy Industrial Zones, lumber yards, new or used, mason material yards, new or used, and plumbing and heating fixture yards, new and used. (Section 9, paragraphs 46, 47 and 48.)
It further provided in section 2 of said Amendment No. 7 of the zoning ordinance introduced May 27, 1952, that "Section 10 of said Ordinance designating Use Regulations controlling Heavy `E' Industrial Zones, is hereby amended," to exclude from "E" Heavy Industrial Zones "lumber yards, new or used"; "Mason Material yards, new or used"; "Plumbing and heating fixture yards, new or used." (Section 2, paragraphs 42, 43 and 44.)
However, under the last amendment referred to of May 27, 1952, considered and adopted on June 24, 1952, it is stated under section 3, as follows:
"Section 10-A of said Ordinance designating Use Regulations Controlling Heavy `F' Industrial Zones, is hereby amended by amending sub-section 1, which shall read as follows:
`1. All business prohibited in the Heavy "E" Industrial Zones, shall be prohibited in the Heavy "F" Industrial Zones, except the following:  Trucking terminals and yards, lumber yards, mason material yards and plumbing and heating fixture yards.'" *590 It is noticed that there is no distinction made between new and used yards, so I assume that both are allowed in the Heavy "F" Industrial Zones.
There is no question as to the authority of a municipality to adopt such legislation as is necessary for the promotion of public health, safety, morals and general welfare. Spur Distributing v. Bridgeton, 122 N.J.L. 460 (Sup. Ct. 1939); Brandon v. Montclair, 124 N.J.L. 135 (Sup. Ct. 1940), affirmed 125 N.J.L. 367 (E. & A. 1940):
Our Constitution further provides that such municipal legislation "shall be liberally construed in their favor." New Jersey Constitution of 1947, Article IV, Section VII, parapraph 11.
It is also a fundamental principle that all municipal ordinances are presumed to be valid and reasonable and for the public good. Guaclides v. Englewood Cliffs, 11 N.J. Super. 405 (App. Div. 1951); Brandon v. Montclair, supra; Lumund v. Rutherford, 4 N.J. 577 (1950).
The burden of proof is upon those who attack the ordinance to show clearly that it is unreasonable. State v. Mundet Cork Corp., 8 N.J. 359 (1952); Fraser v. Teaneck, 1 N.J. 503 (1949); Morgan v. Collingswood, 104 N.J.L. 13 (Sup. Ct. 1927).
In Lionshead Lake v. Township of Wayne, 13 N.J. Super. 490 (Law Div. 1951), Judge Davidson said at page 497:
"It is settled that an ordinance under the Zoning Act must bear a reasonable relation to the powers conferred by that act. Phillips v. Township Council, &c., Teaneck, 120 N.J.L. 45, 48, 198 A. 368 (Sup. Ct. 1938); affirmed 122 N.J.L. 485, 5 A.2d 698 (E. & A. 1939). Restrictions imposed pursuant to the Zoning Act must tend at least in some degree to promote the public good; they must bear a `substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense.' Nectow v. Cambridge, 277 U.S. 183; 72 L.Ed. 842 (1928); Gabrielson v. Glen Ridge, 13 N.J. Mis. R. 142, 176 A. 676 (Sup. Ct. 1935); Phillips v. Township Council, &c., Teaneck, supra; Phillips Oil Co. v. Municipal Council, &c., Clifton, 120 N.J.L. 13, 197 A. 730 (Sup. Ct. 1938); 179 Duncan Avenue Corp. v. Jersey City, 122 N.J.L. 292, 5 A.2d 68 (Sup. Ct. 1939); Spur Distributing Co., Inc., v. Bridgeton, 122 N.J.L. 460, 6 A.2d 192 (Sup. Ct. 1939). * * *"
*591 This plaintiff corporation was met with a series of amendments to the existing zoning ordinance which admittedly sought, first, to exclude from the Town of Secaucus the business of the sale and storage of used building materials, used lumber, mason materials and plumbing and heating materials. However, by the most recent amendment, introduced May 27, 1952, which is to be adopted June 24, 1952 (said adoption being stipulated by both counsel) provision has been made for the operation of the aforesaid businesses in the "F" Heavy Industrial Zone, as set forth above.
Of course, this court does not doubt the sincerity and the genuine interest displayed by the governing body of Secaucus in its attempt to rejuvenate and protect the town's interests.
In Grosso v. Millburn, 137 N.J.L. 630 (Sup. Ct. 1948) Mr. Justice Heher, speaking for the court, said at page 631:
"City or town planning is a constitutional concept. R.S. 40:55-1 et seq., N.J.S.A. has in view the physical development of the municipality `to conserve and promote the public health, safety, morals and general welfare.' Mansfield & Swett, Inc., v. West Orange, 120 N.J.L. 145. Municipal planning, in a word, is the accommodation, through unity in construction, of the variant interests seeking expression in the local physical life to the interest of the community as a social unit. Planning is a science and an art concerned with land economics and land policies in terms of social and economic betterment. The control essential to planning is exercised through government ownership or regulation of the use of the locus. But the governmental regulatory power has its limits."
It is a recognized principle of our jurisprudence that both police power and the power inherent in every sovereignty to govern men and things, may, within constitutional limitations not only prohibit things hurtful but prescribe regulations to promote the public health, morals and safety, and add to the general public convenience, prosperity and welfare. Appeal of Allyn, 81 Conn. 534, 71 A. 794 (Sup. Ct. 1909); Van Winkle v. State, 4 Boyce 322, 91 A. 385 (Sup. Ct. Del. 1914); Welch v. Coglan, 126 Md. 1, 94 A. 384 (Ct. App. 1915); Commonwealth v. Plymouth Coal, 232 Pa. 141, 81 A. 148 (Sup. Ct. 1911).
*592 All property is subject to the exercise of the State's police power. Connecticut Co. v. Stamford, 95 Conn. 26, 110 A. 554 (Sup. Ct. 1920); Woods v. Perkins, 119 Me. 257, 110 A. 633 (Sup. Jud. Ct. 1920); Schultz v. State, 112 Md. 211, 76 A. 592 (Ct. App. 1910); Mansfield & Swett v. West Orange, 120 N.J.L. 145 (Sup. Ct. 1938); Hourigan v. North Bergen, 113 N.J.L. 143 (E. & A. 1934).
As I have stated, the plaintiff acquired the premises in question on October 11, 1951. On November 1, 1951, it commenced operations by storing used lumber in a light industrial zone, and it also began to fill in land, so that its business could be conducted thereon. The intention of the plaintiff in acquiring this property is clear to this court, that it was acquired for the purpose of conducting a new and used building material yard for lumber, plumbing and heating and mason materials. There was some discussion and conferences with the defendant as to the use in question. The plaintiff also deposited a certain amount of used lumber on the property, known as a light industrial zone, to indicate its intention.
This court feels that there can be no doubt as to the plaintiff's intentions as to its use of the said property, and that it started to use it some time prior to the amendatory legislation which caused this present litigation. However, from the ordinances under consideration, the court finds that the plaintiff did not have a non-conforming use of the 750 feet within the "D" Light Industrial Zone. The ordinance of 1948 prohibited the use of that property for either the sale or storage of used materials, as aforesaid, so this court finds that the plaintiff had no non-conforming uses of any of the property in question, as at no time prior to these amendatory ordinances had it used the 1,000 feet in the "E" Heavy Industrial Zone for the sale or storage of used materials or the "D" Light Industrial Zone for the sale or storage of new materials.
Therefore, the court must necessarily determine the effect of these amendatory ordinances from a consideration *593 of the evidence produced by way of oral testimony, the several exhibits, and the seven written briefs and oral argument thereon, the pleadings and the pretrial order. I am constrained to be of the opinion and so find, that the amendatory ordinances were clearly discriminatory and directed solely and entirely at this plaintiff.
Arbitrary discrimination in a zoning ordinance cannot be countenanced or sustained. Schmidt v. Newark, 9 N.J. 405 (1952); Delawanna Iron and Metal Co. v. Albrecht, 9 N.J. 424 (1952); Signore v. Rizzolo, 9 N.J. Super. 539 (Law Div. 1950); Vassallo v. Orange, 125 N.J.L. 419 (E. & A. 1940).
R.S. 40:55-31, relating to unanimity in zoning regulations provides:
"All such regulations shall be uniform for each class or kind of buildings or other structures or uses of land throughout each district, but the regulations in one district may differ from those in other districts."
These so-called amendments, in the court's consideration, cannot have the slightest relationship to the promotion of the public health, safety and general welfare, as required under the law, for them to be valid and sustainable, as well as constitutional. The amendments were adopted only after this plaintiff commenced the operation of its business and the amendments were adopted on two separate occasions subsequent thereto. In the last amendment there was an attempt to segregate them with motor vehicle terminals. This seems to be clearly a subterfuge in an attempt to evade the existing ruling as settled and determined in this State. There can be no possible connection, as I see it, between motor vehicle terminals and the businesses added thereto in the said amendment as to used lumber, building materials and plumbing supplies, both new and used.
The whole legislation, as I have previously stated, seems to this court to have been clearly discriminatory and not uniform.
*594 The president of the plaintiff company, in his testimony, stated that it was their intention to build a show room, plans of which or tentative plans of which, were submitted to the building inspector of Secaucus, as well as his statement that they did not intend to use in any operation of this business or in its conduct any fire outdoors, such as salamanders or other receptacles for the burning of any part of its product or the remains thereof. I am assuming that this will be done, in the event that they proceed with the development or the use of this property if it is so determined that they are entitled so to do, that a show room will be built on the easterly part of the property, within the 750 feet, and that further, no salamanders or fires outside the property will be kept.
However, I find that the ordinance of May 11, 1948 is proper and a valid exercise of the police powers of the defendant. Therefore, a judgment may be prepared and entered in accordance with the court's findings, that is, that the ordinance of May 11, 1948 is a valid ordinance, but that the two amendments under consideration are held to be invalid and therefore to be vacated and set aside.