The plaintiffs, residents and taxpayers in the defendant town, challenge the validity of the zoning ordinance in fixing a minimum lot area of 40,000 square feet in residence zone A; 22,500 square feet in residence zone B; and 40,000 square feet in *Page 25 
the business zone. They also challenge the fixing of minimum floor areas of 860 square feet for a single story dwelling; 720 square feet ground-floor area for a one and one-half or two story dwelling, with a total of 1000 square feet in all; and 720 square feet of floor area for each family in a two or more story family dwelling, as well as the fixing of a minimum ground-floor area of 624 square feet for any dwelling in zone B. The questions raised as to the issuance of proper notices, together with the filing of the changes, have been withdrawn by the plaintiffs.
Section 837 of the General Statutes provides in part: "Such zoning commission may divide the municipality into districts of such number, shape and area as may be best suited to carry out the purposes of this chapter; and, within such districts, it may regulate the erection, construction, reconstruction, alteration or use of buildings or structures and the use of land." This gives broad powers to a zoning authority. That authority is endowed with a wide and liberal discretion. Mallory v. West Hartford,138 Conn. 497, 505. The action of a zoning commission is entitled to every reasonable presumption of validity and the burden is upon the plaintiffs to prove that the action appealed from is improper. Hills v. ZoningCommission, 139 Conn. 603, 608; see note, 117 A.L.R. 1117.
The questions as to minimum lot area and minimum floor area requirements, while new to Connecticut, have been passed upon in many other jurisdictions. The issue is whether the provisions of the ordinance are reasonably related to the purposes of zoning. It has been held that the imposition of minimum floor area requirements of 768 square feet for a one-story dwelling, 1000 square feet for a two-story dwelling having an attached garage, and 1200 square feet for a two-story dwelling not having an attached garage is justified on the ground they promote the *Page 26 
general welfare of the community. The court found that the size of the dwelling "affects the character of the community and does much to determine whether or not it is a desirable place in which to live." LionsheadLake, Inc. v. Township of Wayne, 10 N.J. 165, dismissed, 344 U.S. 919.
Such an ordinance may be held unreasonable where a substantial number of the dwellings already erected do not come within the ordinance and a smaller floor area satisfies the requirements of public health, safety and welfare. Senefsky v. Huntington Woods,307 Mich. 728, 149 A.L.R. 1433. However, Michigan has consistently failed to follow the many jurisdictions which approve such restrictions. In a recent case its court approved the Superior Court opinion (8 N.J. Super. 468) in the Lionshead case, supra, which was later reversed by the New Jersey Supreme Court, upholding the ordinance. Hitchman v. Township of Oakland,329 Mich. 331; see 58 Am. Jur. 976 § 53 and Ann. Cum. Sup.
The courts have in recent years upheld the validity of such provisions. 1 Yokley, Zoning Law Practice (2d Ed.) p. 419, citing Thompson v. Carrollton,211 S.W.2d 970 (Tex.Civ.App.); Dundee Realty Co. v.Omaha, 144 Neb. 448; Flower Hill Building Corporation
v. Flower Hill, 199 Misc. 344 (N.Y.). The requirements as to minimum lot areas have been sustained as reasonably related to the purposes of zoning and as a valid exercise of the police power. Clemons
v. Los Angeles, 36 Cal.2d 95; 58 Am. Jur. 974 § 52, 976 § 53 and Ann. Cum. Sup.
Zoning regulations are a valid exercise of the police power when they are reasonably related to the public health, safety, welfare and prosperity of the community. Corthouts v. Newington, 140 Conn. 284,288. "There may be a difference of opinion as to the real advantages that will accrue from the larger lots *Page 27 
and whether they are such as to lead one to the conclusion that the adoption of the acre area will result in a real and genuine enhancement of the public interests. It seems to us that a belief that such a result may be realized in this instance is not unreasonable. ... If the question is fairly debatable we cannot substitute our judgment for that of the citizens who voted in favor of the amendment, and, whatever our personal opinions may be as to the wisdom of the amendment, we cannot pronounce the measure invalid."Simon v. Needham, 311 Mass. 560, 564, 141 A.L.R. 688; see Kutcher v. Town Planning Commission,138 Conn. 705, 709, 710; Chouinard v. ZoningCommission, 139 Conn. 728, 731.
In Simon v. Needham, supra, the court sustained an ordinance requiring a minimum lot area of one acre. Minimum requirements of two acres have likewise been sustained. Dilliard v. North Hills,276 App. Div. 969 (N.Y.); Franmor Realty Corporation
v. Old Westbury, 280 App. Div. 945 (N.Y.).
In Fischer v. Township of Bedminster, 11 N.J. 194,196, the defendant town had adopted a zoning ordinance providing for three zones: "an `A' residence zone in which no residence may be constructed upon a plot less than one-half acre; a `B' residence zone in which no residence may be constructed upon a plot less than five acres; and a business zone." In upholding the validity of the ordinance, Vanderbilt, C. J.,
said (p. 204): "The plaintiff places great stress on the fact that no case can be found sustaining a five-acre requirement. In Simon v. Town of Needham,311 Mass. 560 ... 141 A.L.R. 688 ... a one-acre requirement was approved in a town near Boston. InDilliard v. Village of North Hills, [276 App. Div. 969], an ordinance of a suburban Long Island town requiring a two-acre plot was likewise sustained. InFlora Realty and Investment Co. v. City of Ladue,362 Mo. 1025 ... a three-acre requirement in a suburb *Page 28 
of St. Louis was upheld.... No case has been presented where a five-acre provision has been struck down as unreasonable and arbitrary. On the contrary, the experts for the defendant township agree that it is not unreasonable and the plaintiff's expert ... would go to ten acres.... With all these facts before us we clearly would not be justified in holding a five-acre requirement unreasonable per se. On the contrary, there would appear to be ample justification for the ordinance in preserving the character of the community, maintaining the value of the property therein and devoting the land throughout the township for its most appropriate use."
An acre consists of 43,560 square feet. The requirements in the present ordinance we are considering is far below what other jurisdictions have held to be reasonable.
Our Supreme Court only recently has taken a firm stand as to the decisions of civic administrative boards, stating: "Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards.... The history of zoning legislation indicates a clear intent on the part of the General Assembly that, subject to certain underlying principles, the solution of zoning questions is for the local agencies.... `The circumstances and conditions in matters of zone changes and regulations are peculiarly within the knowledge of the zoning commission. Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority.' ... Courts must not and legally cannot substitute their own discretion for the wide and liberal discretion enjoyed by zoning agencies."Couch v. Zoning Commission, 141 Conn. 349, 358, 359.
The statutory right to appeal from the decision of a zoning commission was given by the legislature in *Page 29 
1947. Sup. 1947, § 128i (Cum. Sup. 1953, § 288c). There have been only four cases in which zoning commissions, as distinguished from zoning boards of appeal, have been reversed. Kuehne v. Town Council,136 Conn. 452; Strain v. Mims, 123 Conn. 275; Eden
v. Town Plan Zoning Commission, 139 Conn. 59;Beach v. Planning Zoning Commission, 141 Conn. 79.
Without a showing that the ordinance is unreasonable or that it is not related to the purposes of zoning, the court is compelled to find the issues for the defendant commission.
The court cannot say that the commission has acted arbitrarily or illegally or has abused its discretion.
 The appeal is dismissed.