WALTER W. REID, Jr., ET AL., RELATORS, v. BOROUGH OF DEAL ET AL., DEFENDANTS.

Submitted October term, 1926—Decided January 19, 1927.

Municipalities—Licenses—Hotel—Under Ordinance, Governing Body is Invested With Discretion—Mandamus, Accordingly, Cannot Issue—Even if There is no Discretion Under the Ordinance, Writ Must be Denied in This Case Because the Facts and the Law are Not Settled and Clear.

On *mandamus.*

Before Justices BLACK and CAMPBELL.

For the relators, *Ward Kramer.*

For the defendants, *William A. Stevens* and *William L. Edwards.*

PER CURIAM.

This is a rule to show cause why a writ of *mandamus* should not issue commanding the borough of Deal, a municipal corporation, the borough commissioners and the clerk of the borough to issue a license or permit to the relators for the operation of a hotel upon the property at the southwest corner of Ocean avenue and Roosevelt avenue, in the borough of Deal, pursuant to the terms and provisions of an ordinance of the borough entitled "An ordinance to license and regulate hotels and inns in the borough of Deal."    The granting of the writ is resisted.   *First,* because the ordinance in section 6 provides, such application for licenses, "the same *may* be approved and allowed after the expiration of fifteen days from the date of its filing, and thereupon when such approval is endorsed upon such application," &c.

This seems to invest a discretion in the commissioners; if so, a *mandamus* never issues when the subject if one of discretion.   *Uszkay* v. *Dill,* 92 *N. J. L.* 327.

The board is not required to license any sort of a place that an applicant may wish to conduct.   Even if there is no discretion under the ordinance, the writ must be denied in this case because the facts and the law are not settled and clear; in such cases the writ is never directed to issue.   *Browne* v. *Lee,* 98 *N. J. L.* 4; *Borough of Secaucus* v. *Kiesewetter,* 83 *Id.* 227.

The rule to show cause will be discharged and the issuing of a writ of *mandamus* denied.