GERLOF DE ROOS, RELATOR, v. JAMES F. CHAPMAN AND OTHERS, MEMBERS OF THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF PEQUANNOCK, MORRIS COUNTY, ET AL., DEFENDANTS.

Submitted May 18, 1929—Decided October 29, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the relator, *John O. Totten, Jr.*

For the defendants, *W. Eugene Turton.*

The opinion of the court was delivered by

TRENCHARD, J.   This is a rule to show cause, obtained by the relator, directed to the township committee and to the township, requiring them to show cause why a writ of *mandamus* should not issue commanding them to issue a license to the relator to conduct a restaurant business on the premises owned by him in the township.

It appears that on December 28th, 1928, De Roos, the relator, applied to the township committee for a license to operate a restaurant in a two and one-half story building on land owned by him.   The application was made pursuant to

the provisions of "An ordinance concerning the licensing and regulating of public places in the township of Pequannock, in the county of Morris, wherein food or drink or both are sold to be consumed on the premises," and which ordinance was enacted pursuant to article 15 of chapter 152 (*Pamph. L.* 1917, *p.* 358, § 1), which act provides that "the governing body of every municipality shall have power to make * * * ordinances to license and regulate * * * restaurants."

Section 1 of the ordinance says that "public place," as used therein, "shall mean to include a restaurant," &c.

Section 2 provides that no person shall conduct a restaurant until he has obtained a license therefor.

Section 3 provides that the application for such license shall be in writing and shall "give at least two references as to the character and reputation of the applicant," and that no license shall be granted until the governing body "shall be satisfied as to the fitness of the person to conduct such business."

Section 4 provides that "the granting of any such license shall be at the discretion of the township committee," &c.

Of course, the allowance of a peremptory writ of *mandamus* rests in judicial discretion, and it is awarded only in cases when the act to be done is ministerial and the duty clear. *Sylvester* v. *Princeton,* 104 *N. J. L.* 18.

The relator contends that here the granting of the license desired was ministerial. Not so. The action of the municipal authorities upon an application for such a license is discretionary and not ministerial; and when such application is denied *mandamus* will not lie to compel the authorities to grant it, in the absence of fraud or abuse of such discretion. *Sylvester* v. *Princeton, supra.*

But the relator contends that there was nothing to show that such refusal in the present case was justified. To this contention there are two answers: *First,* the presumption is that such refusal was based upon proper motives and valid reasons. *Sylvester* v. *Princeton, supra. Secondly,* there was ample evidence jusitfying such refusal, since the evidence rea-

sonably tended to show that the applicant for a license was a non-resident and the persons given by him as references knew nothing of his character, reputation and fitness, and that the license was refused for that reason.

The relator further contends that the provisions of the ordinance in question with respect to license are void as violative of the rights of private property guaranteed by the state and federal constitutions. We think they are not. We think rather that they are plainly a valid exercise of the police power in the interest of the public health, safety and welfare. The place in question was in a residential district, very near established schools and churches, and, of course, the public welfare and health were concerned with the character and fitness of the applicant for the license.

The application for a *mandamus* will be denied and the rule to show cause discharged.