HUDSON ROYAL RESTAURANT, INCORPORATED, A CORPORATION, RELATOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY ET AL., RESPONDENTS.

Submitted October 17, 1931—Decided May 3, 1932.

Before Justices TRENCHARD and DONGES.

For the relator, *Gross & Gross* (*Isaac Gross*, of counsel).

For the respondents, *Thomas J. Brogan* (*Charles A. Rooney*, of counsel).

PER CURIAM.

The relator holds a rule requiring the respondents to show cause why a writ of *mandamus* should not be awarded to the relator commanding the respondents to issue to the relator a license "to permit the playing of music and dancing by patrons at premises conducted as a restaurant by the Hudson Royal Restaurant, Incorporated, on the second floor of premises known as 912 Bergen avenue, in the city of Jersey City, New Jersey."

Testimony taken pursuant to the rule and the record discloses that the mayor and aldermen of Jersey City, after hearing the matter determined that to grant it "would be detrimental to good government, order and protection of persons and property of its citizens, particularly in the neighborhood of Journal Square, where this restaurant is located;" and would constitute a source of danger to the morals of the young men and women and would bring into Jersey City the evils of dance halls and would be conducive to increasing law breaking by individuals to the detriment of the public safety of the community; and accordingly the license asked for was denied upon the authority of the ordinance of Jersey City which prohibits dancing or playing of music in public places wherein food and drink are consumed on the premises, unless specially licensed.

The depositions show that it has been the policy of Jersey City to deny applications for this sort of license, so it would seem that there is no indication of discrimination against the relator.

We think the true rule applicable to this case is stated in *De Roos* v. *Chapman*, 106 *N. J. L.* 6; 147 *Atl. Rep.* 570, as follows:

"The action of municipal authorities upon application for

such a license is discretionary and not ministerial, and when such application is denied, *mandamus* will not lie to compel the authorities to grant it in the absence of fraud or abuse of such discretion."

There is no suggestion in this case of fraud, and the presumption is that the city acted in good faith. The question remains, was there abuse of discretion? We think that no abuse appears. The depositions indicate that this license for music and dancing was desired by a corporation, some of whose officers were Chinamen and non-residents of New Jersey, and that the restaurant in which the music and dancing was desired was on the second floor of a building at Journal Square and which is being conducted as a Chinese restaurant with the help entirely Chinese and the active management Chinese; and the indications are that its most active hours are in the evening, perhaps late at night, and that the equipment inside of the restaurant consists in part of secluded booths.

Now bearing in mind that the reason for the refusal to grant the license was, amongst other things, that it was detrimental to the young people of the neighborhood, it certainly cannot be said that there was an abuse of discretion.

The rule to show cause will be discharged and the writ denied, with costs.