GUISEPPE RESCINITI, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE TOWN OF BELLEVILLE, RESPONDENT.

GUISEPPE RESCINITI, RELATOR, v. BOARD OF COMMISSIONERS OF THE TOWN OF BELLEVILLE, RESPONDENT.

Submitted May 15, 1936—Decided July 22, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the prosecutor-relator, *Aaron Heller.*

For the respondent, *Lawrence E. Keenan.*

The opinion of the court was delivered by

PERSKIE, J.  The subject-matter of this appeal concerns the right of the prosecutor to a permit to operate a junk shop in the town of Belleville.  The writ of *certiorari* brings up for review the action of the board of commissioners of the

town in denying prosecutor's application for such a license; and by the alternative writ of *mandamus* prosecutor seeks to compel respondent to grant him the license. By concession of counsel for the respective parties, both matters are argued together.

The factual situation is substantially as follows: Prosecutor is now, and has been for the past twenty-one years, a resident of the town of Belleville. On July 8th, 1924, he was licensed as a junkman. This license was renewed in 1925 and on October 21st of that year he was licensed to and did erect a junk shop upon the premises at No. 42-44 Clinton street. There was a renewal of this license in 1926. In December, 1927, the town passed an ordinance that an applicant for a junkman permit shall be a citizen of the United States. Under this ordinance prosecutor was denied a permit as he was not then a citizen of the United States. Relator became a naturalized citizen on December 11th, 1931. In January, 1935, he applied for a license and it was refused. To review that refusal and compel the issuance of the license prosecutor then, as now, prosecuted a writ of *certiorari* and an alternative writ of *mandamus*. We are told that on the opening of the argument on these writs at the May term, 1935, of this court, counsel for respondent conceded that the ordinance of 1927 was not properly signed and, therefore, invalid. Thereafter on June 11th, 1935, respondent adopted a new ordinance regulating the junk business. Relator again applied for a license and again he was refused. It is the propriety of that refusal that is here challenged by these writs.

Respondent seeks to justify its refusal on the ground that prosecutor has failed to comply with section 4 of the last stated ordinance which provides:

"Junk Shop and Junk Dealer licenses shall be issued by the Board of Commissioners, which licenses shall be issued in the case of junk shops by the Board of Commissioners, when in their discretion the *applicant shall satisfactorily show that the location of such junk shop is situated so that the public health will not be affected by the storage of junk on the premises to be used as a junk shop to the satisfaction of*

*a majority of the Board of Commissioners of the Town of Belleville.* No licenses shall be issued for junk shops in localities which are residential or semi-residential in character. Such licenses shall be issued for junk dealers who do not maintain junk shops in the Town of Belleville by the Board of Commissioners when in their discretion they deem the applicant to be a proper person to conduct the business of junk dealer." (Italics supplied.)

Prosecutor's answer is three fold. First, that he was denied the opportunity of a hearing although he pressed for it. Second, that the maintenance of a junk shop is not injurious to health nor is it a fire hazard. Third, that respondent is merely attempting to evade the law and arbitrarily refuses to license prosecutor despite the fact that his property is exempt from the provision of respondent's zoning ordinance.

In support of that answer it is argued for the prosecutor that he has maintained a junk shop on the premises since 1913; that he so occupied the premises long before the town ordained to the contrary. On these admitted facts it is urged, and we think correctly so, that there was no legal basis or right to refuse prosecutor a license on the ground that the junk shop was in what is now, under the zoning ordinance, an unauthorized zone. *Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183; 147 *Atl. Rep.* 555. Nor can the refusal be sustained if it is either arbitrary, capricious or unreasonable. See *Meslar* v. *Denville (Supreme Court),* 14 *N. J. Mis. R.* 497, and cases therein cited. The prosecutor cannot be deprived of his constitutional rights by an improper and arbitrary exercise of power. *Reimer* v. *Dallas,* 129 *Atl. Rep.* 390. The refusal must be based on a regulation which must "be designed to promote the public health, safety and general welfare." *Gabrielson* v. *Borough of Glen Ridge,* 13 *N. J. Mis. R.* 142; 176 *Atl. Rep.* 676.

Under the proofs in the last cited case it was held by this court that gas stations do not constitute a fire hazard and their prohibition would not promote health, morals or general welfare. See, also, cases collated in *Meslar* v. *Denville, supra,* to the same effect. Why a distinction as to junk shops?

Respondent answers by saying, in substance, that the legislation as to junk shops finds support in the exercise of its sound discretion and that discretion should not be usurped, or interfered with, by the court. *Davison* v. *Patterson,* 94 *N. J. L.* 338, 341; 110 *Atl. Rep.* 827.

The following cases are urged in support of respondent's discretionary right of refusal. *Hudson Royal, &c.,* v. *Jersey City,* 10 *N. J. Mis. R.* 629; 160 *Atl. Rep.* 218 (*mandamus* denied to grant license for dancing and music in a Chinese restaurant); *De Roos* v. *Chapman,* 106 *N. J. L.* 6; 147 *Atl. Rep.* 570 (*mandamus* denied to compel issuance of restaurant license to a non-resident without proof, as required, of applicant's character, reputation and fitness); *Reid* v. *Borough of Deal,* 5 *N. J. Mis. R.* 144; 135 *Atl. Rep.* 683 (*mandamus* denied to license hotel on grounds that facts were not clear); *Doben* v. *Board of Health of the City of Paterson,* 3 *N. J. Mis. R.* 38; 127 *Atl. Rep.* 38 (*mandamus* denied to compel issuance of permit to engage in business of slaughtering poultry).

While it is, of course, true that the allowance of a peremptory writ of *mandamus* rests in judicial discretion and it is awarded only in cases when the act to be done is ministerial and the duty clear (*Silvester* v. *Princeton,* 104 *N. J. L.* 18; 139 *Atl. Rep.* 517; *De Roos* v. *Chapman, supra* (at *p.* 8 of 106 *N. J. L.*) nevertheless, a careful reading of the cited cases will disclose that the exercise of the challenged discretion in each case has a reasonable relation to the promotion of either public health, safety or general welfare. It seems to us that it is clearly beyond the power of a municipality, by a provision in an ordinance making the granting of a license discretionary, to interfere with private business "not affected with a public interest" nor "clothed with a public use," or impose unreasonable and unnecessary restrictions upon them. In either event, the regulation must not be arbitrary, capricious or discriminatory. Compare, *Sheffield Farms Co., Inc.,* v. *Seaman,* 114 *N. J. L.* 455; 177 *Atl. Rep.* 372.

For almost thirteen years the prosecutor had his shop on the same premises of which he was the owner. And the

record discloses that he had to resort to the courts, several times during that period, to protect his state and federal constitutional rights.

We think that prosecutor has fully supported his claims and that he is entitled to a license. The action of the respondent in denying the license will be set aside and a peremptory writ will be allowed directing that respondent issue the license to him, with costs.