BELLEVILLE CHAMBER OF COMMERCE, *ET AL.*, PLAIN-
TIFFS, v. TOWN OF BELLEVILLE, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided March 29, 1966.

*Mr. Albert Burstein* for plaintiffs (*Messrs. Wolf, Baumann & Burstein,* attorneys).

*Mr. Jack J. Soriano* for defendant.

CONKLIN, J. S. C. On November 23, 1964 the Municipal Council of the Town of Belleville adopted "An ordinance relating to the issuance of licenses and fees therefor with respect to certain businesses, occupations and activities of the Town of Belleville." The ordinance requires most commercial enterprises in Belleville to acquire a license before they may carry on a business. The license must be renewed annually.

In substance, plaintiffs challenge the ordinance on two grounds. First, they question the regulatory nature of the ordinance. Secondly, they challenge the size of the fees and the reasonableness of differentiations in various fees.

The authority for the ordinance is *N. J. S. A.* 40:52-1 and 40:52-2. Under these provisions the municipality may license numerous types of local businesses. The fees for the licenses may reasonably exceed the cost of administering the

licenses but the licensing ordinance cannot be enacted solely for revenue purposes. *Solomon v. Jersey City,* 12 *N. J.* 379 (1953). As the court there said:

"* * * [T]he primary and overriding purpose of the Legislature in enacting *R. S.* 40:52–1, *N. J. S. A.* and *R. S.* 40:52–2, *N. J. S. A.* was to authorize municipalities to license and regulate, as police measures for the public health, safety, morals or welfare, the local businesses described therein, and only incidentally to impose on the businesses thus licensed and regulated license fees for revenue which may, at least within reasonable limits, exceed the regulatory costs." (at *p.* 390)

Thus, to sustain the ordinance it is necessary to find initially a valid regulatory function. Section 11 recites the standards for review of license applications. It states:

"SECTION 11.    Standards for Review of License Applications.

All licenses shall be approved by Resolution of the Municipal Council. The Council shall examine the qualifications of any applicant for a license or renewal thereof to determine if the said applicant or licensee would conduct the licensed activity in a lawful manner and in accordance with the general laws and statutes of the State and ordinances of the Town of Belleville and shall be guided in making its determination by the following factors which shall be the standards upon which the determination of the Council shall be based:—

(a)  The Zoning Ordinance of the Town of Belleville.

(b)  The Building Code.

(c)  The Sanitary Code of the Town of Belleville.

(d)  Any and all general laws and public health statutes, and codes of the State of New Jersey applicable to Municipalities.

(e)  The Fire Prevention Code.

(f)  The reports of all municipal officers required under Section 10 hereof.

(g)  Existence of any convictions of any crimes, the reasons therefor and the demeanor of the applicant subsequent thereto.

(h)  The license history of the applicant, whether such person in previously obtaining a license in this Town or any other municipality has had such license rejected or suspended, the reasons therefor and the demeanor of the applicant subsequent to such actions, the timeliness of part applications for licenses, and the applicant's continued compliance with all license requirements after having been granted any previous licenses.

(i)  Such other facts relevant to the general personal history of the applicant as may be necessary to a fair determination of the eligibility of the applicant to conduct the licensed activity."

The standards recited in subsections (a), (b), (c) and (e) are valid areas of municipal regulation but incorporating them as criteria in this ordinance does not give legitimacy to the enactment. The zoning, building, sanitary and fire codes of Belleville must be self-enforcing ordinances. While they are not presently before the court, if the town could not act when a business violated any of these codes they would be of no value in protecting the citizenry.

If denial of a license under the present ordinance is aimed at imposing an additional penalty on a business that violates any of these codes, or those referred to in subsection (d), there is no mention of this intent in the ordinance. Secondly, it does not appear that the municipal council must deny a license if there is a violation of any of the codes mentioned in subsections (a) through (e). Thus, violation of any of these provisions may or may not lead to the denial of a license. This appears to be within the discretionary powers of the municipal council. If the council may issue a license despite the violation of one or more of the standards listed in the ordinance, it is unreasonable to sustain the ordinance on the ground that it is another means of enforcing legitimate regulatory functions.

The intent and function of subsections (g), (h) and (i) are clearer than those standards which have already been discussed and are valid as proper exercises of the police powers allotted to municipalities. As was stated in *Kirsch Holding Co. v. Borough of Manasquan*, 24 *N. J. Super.* 91 (*App. Div.* 1952):

"The purpose of the exercise by a municipality of the police powers granted it by the Legislature is the abatement of nuisances, the protection of the health, safety and welfare of its inhabitants, and the preservation of good order within its limits."

Gathering information from and about the license applicant's background, demeanor and qualifications to operate a business is certainly a justifiable municipal activity. Whether specific aspects of an applicant's history are sufficient cause

to deny a license is not presently before the court. Any applicant who feels that his request for a license has not been accorded due process of law is free to seek judicial relief when and if the cause arises. The totality of information sought under this ordinance is clearly of assistance to the municipal government in protecting the environment in Belleville. Subsection (f) is merely the means of obtaining the information called for in the other subsections already discussed and does not require independent comment.

█ Having found that the ordinance is valid in that part of the standards for reviewing license applications is within the police powers granted to the municipality, the next question is that of the reasonableness of the license fees. The court is unable to see any justification for having varying fees dependent upon square footage or the number of machines or seats, etc., when the license is in reality a means of gathering information for the governing body and its law enforcement officers. It makes no difference if an applicant owns one vending machine or six such machines, the ordinance merely seeks to elicit pertinent information about the applicant who will be responsible for the operation of the licensed machines. Likewise, the same can be said about the operator of a "neighborhood candy store" and a supermarket or furniture showroom. There is no need to review every fee; it will suffice to say that it is unreasonable both to have flat fees for certain businesses and fees graduated according to the number of square feet or units involved for other businesses and generally to differentiate on the basis of square feet or the number of units in the business. *N. J. Restaurant Ass'n v. Holderman*, 24 *N. J.* 295 (1957); *Washington National Ins. Co. v. Board of Review*, 1 *N. J.* 545 (1949).

The applicability of the licensing ordinance to businesses licensed by the State of New Jersey has also been challenged in this proceeding. The statutory authority for this ordinance,, *N. J. S. A.* 40:52–1, also contains the following provision:

"Nothing in this chapter contained shall be construed to authorize or empower the governing body of any municipality to license or regulate any person holding a license or certificate issued by any department, board, commission or other agency of the State * * *."

The Appellate Division recently discussed the above quotation in *Coculo v. Trenton,* 85 *N. J. Super.* 523 (1964), where the court held that the City of Trenton could not license beauty parlors. Similarly, state licensing provisions for automobile dealers, *R. S.* 39:10–19, automobile service stations, *R. S.* 54:39–30, and coal dealers, *R. S.* 51:8–5, preempt the licensing ordinance of the Town of Belleville. While the municipality may not license these businesses, they are, of course, still compelled to conform to other municipal ordinances adopted to promote the public health, safety, morals or welfare.

Section 22 of the ordinance provides:

"If any section, paragraph, subdivision, clause or provision of this ordinance shall be adjudged invalid, such adjudication shall apply only to the section, paragraph, subdivision, clause or provision so adjudged, and the remainder of this ordinance shall be deemed valid and effective."

In light of this provision the ordinance shall remain in effect subject to future amendment by the Municipal Council of the Town of Belleville. The license fees collected for 1965 and 1966 shall be returned to the licensees, although the amount returnable for 1966 may be offset by an amount equal to an amended license fee if the governing body decides to amend the ordinance in conformity with this opinion.

Let an order be submitted.