51 N.J. 153 (1968)
238 A.2d 181
BELLEVILLE CHAMBER OF COMMERCE, A CORPORATION OF THE STATE OF NEW JERSEY, ET AL., PLAINTIFFS-APPELLANTS,
v.
TOWN OF BELLEVILLE, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.
The Supreme Court of New Jersey.
Argued November 20, 1967.
Decided February 5, 1968.
*155 Mr. Albert Burstein argued the cause for appellants (Messrs. Wolf, Baumann & Burstein, attorneys; Mr. George J. Baumann, of counsel).
Mr. Jack J. Soriano argued the cause for respondent (Mr. Paul Alongi, on the brief).
PER CURIAM.
In 1964 the Town of Belleville adopted an ordinance which required that most local retail trades and services be licensed annually to do business in the community. The ordinance contemplated that an application for license could be denied (1) where the applicant failed to satisfy the Town's zoning ordinance, sanitary code, building code or fire prevention code or (2) where the applicant's character, background or demeanor were such as to lead the Town to the finding that he was not qualified to conduct the particular trade or service. The ordinance was attacked in the Law Division *156 by the Chamber of Commerce and some merchants. There the trial judge filed an opinion (91 N.J. Super. 32 (Law Div. 1966)) which took the position that the standards in the ordinance were valid insofar as they related to the applicant's background, character and demeanor but were invalid insofar as they related to the zoning, building, sanitary and fire codes. Although he determined that the licensing ordinance was basically valid, he held that the license fees were unreasonable and that automobile dealers, automobile service stations and coal dealers were not governed by it because State licensing provisions applicable to them had preempted the field. 91 N.J. Super., at pp. 36-37.
An appeal to the Appellate Division was taken by the Town. No other party appealed and the Appellate Division therefore confined itself to those findings in the Law Division which were adverse to the Town. In the first place, it disagreed with the Law Division's view that the licensing ordinance could not set forth standards or conditions based on compliance with the Town's zoning ordinance and building, sanitary and fire codes. It saw no reason why the licensing ordinance could not lawfully provide for inspections designed to insure that other local ordinances and codes were being fully complied with or why the costs of such inspections should not be provided for by the imposition of reasonable charges or fees under the licensing ordinance. 93 N.J. Super., at p. 398. We consider the Appellate Division's position in this regard as eminently sound and as not warranting extended discussion.
Secondly, the Appellate Division found that the record did not establish that the fees set forth in the ordinance were unreasonable or discriminatory as to any individual plaintiff. 93 N.J. Super., at p. 402. We subscribe to that finding although we do so without prejudice to any later proceeding by an applicant or licensee who seeks to establish, upon a more complete and individualized showing, that a particular fee is unreasonable or discriminatory as applied to his own situation. The record indicates that during *157 the year following the adoption of the ordinance all of the license fees collected amounted to merely $18,818 and that this amount probably did not cover the full costs of the various inspections made under the ordinance. As the Appellate Division correctly found, the total income from the licenses was at least "reasonably related to the expense of administration and regulation of the licensed businesses as a whole" (93 N.J. Super., at p. 401) and was well within the bounds of the judicial precedents. See Garden State Racing Ass'n v. Cherry Hill Tp., 42 N.J. 454 (1964); Bellington v. East Windsor Tp., 17 N.J. 558 (1955). The fact that some of the fees were graduated on a square foot basis or on a quantity of equipment basis whereas others were flat fees did not per se establish any illegality. 93 N.J. Super., at pp. 399, 401.
Thirdly, the Appellate Division properly rejected the Law Division's holding that the ordinance could not apply to automobile dealers, automobile service stations and coal dealers because they were licensed by the State. 93 N.J. Super., at p. 404. We find nothing incompatible in the particular State and municipal licensing requirements nor do we find anything in any of the pertinent State licensing enactments which suggests a legislative intent to preempt the field entirely. See Chaiet v. East Orange, 136 N.J.L. 375 (Sup. Ct. 1947); Mills v. Mosher, 128 N.J.L. 546 (Sup. Ct. 1942); cf. Mogolefsky v. Schoem, 50 N.J. 588 (1967).
We granted the plaintiffs' application for certification (49 N.J. 363 (1967)), not because we had any doubts as to the soundness of the Appellate Division's judgment, but because we were disturbed by the sweep and obscurities of the ordinance provisions relating to the applicant's background, character and demeanor. Although the Law Division upheld them, it did not refer to any precedential cases which dealt with provisions of comparable breadth (91 N.J. Super., at p. 35) and the Appellate Division deliberately refrained from expressing any opinion on the subject since there was no pertinent attack before it. 93 N.J. Super., at p. 395. *158 Many cases may be found upholding municipal requirements for character and background approvals as conditions precedent to municipal licenses for the conduct of local businesses; but each of those cases dealt with an individual type of business whose nature made it evident that the approval was appropriate for the protection or advancement of the public health, safety, morals or general welfare. See DeRoos v. Chapman, 106 N.J.L. 6 (Sup. Ct. 1929); 9 McQuillin, Municipal Corporations § 26.46 (3d ed. (revised) 1964); cf. Moyant v. Paramus, 30 N.J. 528, 544 (1959); Howell Tp. v. Sagorodny, 46 N.J. Super. 182, 189 (App. Div. 1957), affirmed, 25 N.J. 502 (1958); Becker v. Pickersgill, 105 N.J.L. 51, 56 (Sup. Ct. 1928). McQuillin expresses the applicable legal principle as follows:
Good character, special knowledge or skill, fitness and other qualifications of licensees and permittees can be prescribed by statute or ordinance, where the qualifications are reasonably related to the purpose of the licensing regulation and where that purpose is within the police power. That is to say, restriction of licenses and permits to persons of good character and reputation, fitness for the business or activity, and other reasonable qualifications, is valid, where the restriction has a reasonable relationship to the protection of the public health, safety, welfare or morals in view of the nature of the occupation or activity that is licensed. 9 McQuillin, supra, at p. 106.
Moyant upheld a local ordinance which provided for the regulation and licensing of solicitors and canvassers and embodied standards with respect to the applicant's background and character which were found to be sufficient. 30 N.J., at pp. 552-554. DeRoos upheld an ordinance which required that an applicant for a restaurant license must furnish references as to his character and directed that no license shall be granted until the governing body shall be satisfied as to the fitness of the applicant to conduct the business. 106 N.J.L., at p. 8. Other cases in our State and elsewhere have similarly recognized the validity of character and background requirements in selective ordinances regulating junkyards, taxicabs, auctions, bowling alleys, taverns, and other highly regulable *159 fields of activity. See Resciniti v. Board Commissioners of Belleville, 117 N.J.L. 1 (Sup. Ct. 1936); Barton Trucking Corp. v. O'Connell, 7 N.Y.2d 299, 165 N.E.2d 163, 197 N.Y.S.2d 138 (1959); Brunacini v. Loomis, 12 A.D.2d 298, 211 N.Y.S.2d 371 (1961); 9 McQuillin, supra, at pp. 106-108; cf. McBride v. Clark, 2 N.J. Misc. 814, 815 (Sup. Ct. 1924), affirmed, 101 N.J.L. 213 (E. & A. 1925); Wilentz v. Edwards, 134 N.J. Eq. 522, 528 (E. & A. 1944). But none of the cited holdings goes so far as to suggest that such requirements may be imposed universally on all local trades; and to the contrary there have been many instances in which courts have stricken legislative attempts to impose such requirements on businesses deemed to be innocuous and substantially unrelated to the public welfare. See, e.g., Dasch v. Jackson, 170 Md. 251, 183 A. 534 (1936) (paper hanging); Livesay v. Tennessee Bd. of Exam., 204 Tenn. 500, 322 S.W.2d 209 (1959) (watch repairing); State v. Gleason, 128 Mont. 485, 277 P.2d 530 (1954) (photography); Chapel v. Commonwealth, 197 Va. 406, 89 S.E.2d 337 (1955) (cleaning and dyeing).
In N.J. Good Humor, Inc. v. Bradley Beach, 124 N.J.L. 162 (E. & A. 1939) the court struck down an ordinance which sought to prohibit all types of retail vending from house to house or place to place. In the course of its opinion it stressed that the municipality's power to regulate local business is ordinarily confined to such reasonable restraints "as may be demanded by the public interest" (124 N.J.L., at p. 171) and that restrictive measures which go beyond "the public need" will not be upheld. 124 N.J.L. at 168. See also Reingold v. Harper, 6 N.J. 182, 192 (1951); One Eleven Wines & Liquors, Inc. v. Div. Alcoholic Bev. Cont., 50 N.J. 329, 341 (1967). Belleville's need or statutory justification (cf. Absecon v. Vettese, 13 N.J. 581, 587 (1953); 9 McQuillin, supra, at pp. 46-47) for imposing character and background requirements on many of the local businesses named in its ordinance may be questioned. However we consider it inappropriate that the matter be pursued here since the *160 record does not deal individually with or shed individual light on any of the named businesses, and the briefs deal not at all or only superficially with the controlling legal issue. This may be due to the fact that the only appeal from the trial court's determination was the one taken by the Town and that related to matters unconnected with the underlying power of the Town to impose character and background requirements indiscriminately on its local retail trades and services.
On the limited record and issues submitted to us by the parties, the judgment of the Appellate Division must of course be affirmed but without prejudice to any later proceeding and supportive showing by an applicant or licensee who considers himself individually aggrieved by the terms of the ordinance. In the meantime the Town might be well advised to reconsider its ordinance in the light of this opinion and the authorities it cites. In any redraft, particular care should be taken to describe those individual trades and services which are deliberately found to warrant character and background requirements and to set forth, along with adequate provision for hearing, suitable standards in detailed and informative terminology. See Moyant v. Paramus, supra, 30 N.J., at pp. 552-554; Weiner v. Borough of Stratford, County of Camden, 15 N.J. 295, 299 (1954); Hoboken v. Bauer, 137 N.J.L. 327, 329 (Sup. Ct. 1948); cf. Brown v. Murphy, 34 Misc.2d 151, 224 N.Y.S.2d 423, 424-429 (Sup. Ct. 1962).
Affirmed.
For affirmance  Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, GOLDMANN and SCHETTINO  6.
For reversal  None.